UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BETTY MOON,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | NO. CV-06-0328-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Plaintiff Betty Moon's Motion for Reconsideration. (Ct. Rec. 59.) After reviewing the submitted material and relevant authority, the Court is fully informed and denies Plaintiff's motion.

**I. Discussion**

**A. Standard**

A motion for reconsideration is "appropriate if the district court (1) is presented with newly-discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). A motion for

ORDER ~ 1

reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*; *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

**B. Reconsideration of Discretionary Function Exception Application**

Plaintiff, citing two (2) cases, asserts that the Court committed manifest error when it determined that her claims were barred by the discretionary function exception to the Federal Tort Claims Act (FTCA). (Ct. Rec. 57.) Each case is considered in turn.

Plaintiff first cites *Terbush v. United States*, 516 F.3d 1125, 1133 (9th Cir. 2008). Aside from a pinpoint citation, Plaintiff provides no analysis of why or how *Terbush* demonstrates that the Court committed manifest error. Without guidance, the Court infers that Plaintiff cites *Terbush* for the proposition that matters of routine maintenance are not protected by the discretionary function exception because they generally do not involve policy-weighing decisions or actions. The Court previously rejected this argument in the Order granting summary judgment, finding that Glacier National Park's ("Glacier") hazardous tree management decisions involve balancing multiple policy considerations under the Hazard Tree Management Plan (HTMP) and the Organic Act, including (1) public safety, (2) cost, (3) public access, and (4) ecological conservation. (Ct. Rec. 57 at 10, 11.) Plaintiff's citation, without more, fails to demonstrate that the Court committed manifest error.

Plaintiff next cites *Middaugh v. United States*, 293 F. Supp. 977(D.C. Wyo. 1968). Once again, aside from a pinpoint citation,

ORDER ~ 2

Plaintiff provides no analysis of why or how *Middaugh* demonstrates that the Court committed manifest error.  Without guidance, the Court infers that Plaintiff cites *Middaugh* to support her claim that the Court inappropriately failed to make inferences in her favor relating to the subject tree's hazardous condition.

Plaintiff's argument fails because the Court is required to determine jurisdiction - through a discretionary function inquiry - before examining issues of negligence and the inferences drawn therefrom. *See In re Glacier Bay*, 71 F.3d 1447, 1451 (9th Cir.1995) (noting that issues of negligence are irrelevant to the discretionary function inquiry). *Middaugh*, therefore, does nothing to demonstrate manifest error because it does not discuss, let alone mention, the discretionary function exception.  The Court correctly performed the discretionary function inquiry and properly determined that Plaintiff's FTCA claims were jurisdictionally barred.  Plaintiff's previously-argued negligence claims and naked reliance on *Terbush* and *Middaugh* fail to establish manifest error in the Court's previous Order.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion for Reconsideration **(Ct. Rec. 59)** is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this \_\_\_\_22nd\_\_\_\_ day of August 2008.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                  United States District Judge

ORDER ~ 3